**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN JOSEPH FIELD,<br><br>                      Petitioner,<br><br>v.<br><br>MATTHEW CATE, Secretary, et al.,<br><br>                      Respondents. | Civil No.   11-cv-2147 WQH (BGS)<br><br>**REPORT AND RECOMMENDATION RE: PETITION FOR WRIT OF HABEAS CORPUS** |

On September 15, 2011, Petitioner John Joseph Field ("Field"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a parole denial by the California Board of Hearings ("Board"). (Doc. No. 1.) Respondent filed an Answer on January 12, 2012. (Doc. No. 4.) On March 12, 2012, Field filed a Traverse. (Doc. No. 8.)

**BACKGROUND**

Field challenges the Board's denial of his parole. (Doc. No. 1.) In 1992, he was convicted of first degree murder with use of a firearm. Field was sentenced to 27 years to life in prison, with the possibility of parole. On November 20, 2009, Field had a parole hearing before the Board. After reviewing his criminal and social history, conduct in prison, plans if

paroled, and psychological evaluation, the Board found Field unsuitable for parole. The Board denied Field parole for five years.

On June 10, 2010, Field filed a petition for writ of habeas corpus in the San Diego County Superior Court challenging the Board's parole denial. He also asserted that his multiple year denial pursuant to Marsy's Law is an unconstitutional imposition of an Ex Post Facto sentence enhancement. The court found the Board's decision to be supported by the record and that the Board had sufficient reason to believe Field remained dangerous to the public (citing *In re Lawrence*, 44 Cal.4th 1181 (2008)). (Lodgment No. 2.) Field then filed a petition for writ of habeas corpus in the California Court of Appeal. Likewise, the court found that the Board's decision was supported by evidence in the record and denied the petition on November 17, 2010. (Lodgment No. 6.) Finally, the California Supreme Court denied Field's petition. (Lodgment No. 8.)

Field's present petition for writ of habeas corpus claims that: (1) the Board's denial of his parole is without merit because it is not supported by sufficient evidence, and (2) the Board's application of Marsy's Law violated ex post facto principles. With respect to Field's first claim, he contends that the Board's finding that he poses an unreasonable risk of danger if released is without merit because the Board failed to articulate a nexus between the dangerous finding and the risk he currently poses. (Doc. No. 1 at 3.) Further, Field argues that the Board's adverse credibility determination with respect to his explanations about prison incidents and claim of remorse is without merit. (Doc. No. 1 at 7, 9.) Field also contends that the Board deliberated under a misinterpretation about his prior criminal history and that the misinterpretation prejudiced his parole hearing. (Doc. No. 1 at 11.) Additionally, Field argues that there is "no evidence to support the Board's finding" that he committed the underlying crime "in an especially heinous, atrocious, and cruel manner." (Doc. No. 1 at 12.) Finally, Field contends that his due process rights were violated because the Board allowed the San Diego District Attorney's opposition to parole to serve as its basis for denying him parole. (Doc. No. 1 at 14.)

Respondent argues that Field's claims do not merit relief because his challenges to the evidentiary sufficiency of the Board's decision are foreclosed by the Supreme Court's opinion

in *Swarthout v. Cooke,* —U.S.—, 131 S.Ct. 859 (Jan. 24, 2011). (Doc. No. 4.) Respondent further argues that Field's challenge to Marsy's Law is precluded by a pending class action, as well as that the amendment to the California Penal Code does not alter the criteria for determining parole suitability and that the statute provides the Board with flexibility in determining how long the denial should be, thus, it is not a violation of ex post facto sentencing principles. (*Id.*)

**DISCUSSION**

1. Scope of Review and Applicable Legal Standard

Federal courts may review petitions for writ of habeas corpus by persons in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 n. 7 (2000). As Petitioner filed this petition after April 24, 1996, it is governed by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section 2254(d) of the AEDPA provides the following standard of review:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). According to *Williams*, federal courts may grant habeas relief under the "contrary to" clause of section 2254(d)(1) if the state court either (1) "applies a rule that contradicts the governing law set forth in [the Court's] cases" or (2) "confronts a set of facts that

are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." 529 U.S. at 405–06. Relief is also available under section 2254(d)(2) if the factual findings used by the state court were objectively unreasonable. *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003).[1]

When prisoners challenge a parole denial on due process grounds, federal courts must determine whether the prisoner received procedural due process. In *Swarthout,* the Supreme Court held that due process claims require a two-step inquiry. 131 S.Ct. at 861. Courts must first determine whether the person has been deprived of a valid liberty or property interest. *Id*. at 861–62 (holding that California law creates a liberty interest in parole but that there "is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence."). Once the court finds a protected liberty interest, it must determine whether the state followed constitutionally sufficient procedures. *Id*. at 863.

Whether California's parole procedures were constitutionally sufficient depends not on whether they reasonably applied the "some evidence" standard according to California law, but whether the prisoner received adequate procedural due process. *Id.* at 816, 862. A prisoner receives procedural due process when he or she has an opportunity to be heard and has received a statement explaining the Board's parole denial. *Id*. at 862. Accordingly, federal habeas review of a parole denial is limited to determining whether certain procedural safeguards as set forth in *Greenholtz* v. *Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979), were satisfied. *Id*. at 861–63.

2. <u>The Parole Hearing Procedures Did Not Violate Due Process</u>

Field's claims are not cognizable. To the extent Field claims that the decision to deny parole was not based on "some evidence" or otherwise failed to satisfy substantive due process, the claim is foreclosed as a matter of law because there is no clearly established federal constitutional substantive due process right in parole. *Swarthout*, 131 S.Ct. at 862. When a petitioner is provided the requisite procedural protections, the federal court may neither inquire

---

[1] State court factual findings are presumed to be correct and the petitioner has the burden of rebutting these findings by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); *Summer v. Mata*, 449 U.S. 539, 545–47 (1981).

into the evidence supporting the parole denial nor determine "whether the constitutionally requisite procedures provided by [the state] produced the result that the evidence required." *Swarthout*, 131 S.Ct. at 862 ("No [Supreme Court] opinion . . . supports converting California's 'some evidence' rule into a substantive federal requirement."). Thus, to the extent Field challenges the evidence supporting the parole denial, or the Board's decision-making process, his claims are not cognizable in this habeas proceeding because they involve the application or interpretation of state law. *See* 28 U.S.C. § 2254(a); *Swarthout*, 131 S.Ct. at 863 ("it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied"); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

And to the extent Field claims that he was not provided the proper procedural protections, a review of the record shows that his rights under *Greenholtz* were satisfied. Field was allowed to speak at his parole hearing, was represented by counsel, and was given the opportunity to contest the evidence against him. He was also notified of the reasons why parole was denied. (*See* Lodgment No. 7, Ex. 4.) To the extent Field contends that he was not afforded these protections, his contentions are refuted by the record and lack merit. Moreover, to the extent Field asserts that he is entitled to habeas relief because the Board relied on improper evidence, his claims do not warrant habeas relief. *Swarthout* was "unequivocal in holding that if an inmate seeking parole [received the safeguards under *Greenholtz*], that should be the beginning and the end of the inquiry into whether the inmate received due process." *Pearson v. Muntz*, 639 F.3d 1185, 1191 (9th Cir. 2011) (quoting *Swarthout*, 131 S.Ct. at 862) (internal quotations, alterations, and ellipsis omitted). Thus, the only right at issue in the parole context is procedural, and the only proper inquiry is whether the inmate received process in accordance with *Greenholtz*.

Accordingly, because Field has not demonstrated—and the record does not show—that his rights under *Greenholtz* were denied, Field's parole claims are not cognizable in this habeas proceeding. *See Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011) (Due Process Clause

satisfied because the petitioner was permitted to speak on his own behalf and contest the evidence against him, and was provided an explanation of the Board's parole denial; the state's possible misapplication of its own parole laws provides no basis for federal habeas relief).

### 2. Field Does Not State an Ex Post Facto Claim

Field also claims that application of "Marsy's Law," which was passed after he was sentenced and changed the law governing the deferral period between parole hearings by increasing the deferral period, violates the Ex Post Facto Clause. The Ninth Circuit recently addressed the issue in *Gilman v. Schwarzenegger*, 638 F.3d 1101 (9th Cir. 2011), and concluded that "Marsy's Law" is not a prohibited ex post facto law. The court reasoned that, because the new law provides a mechanism for inmates to request an advance hearing, there was no significant risk that inmate's incarceration would be prolonged.

The Ninth Circuit's holding in *Gilman* comports with preexisting United States Supreme Court precedent upholding similar laws decreasing the frequency of parole eligibility where, as here, the laws afforded the parole board discretion to advance scheduled parole hearing dates. *See Garner v. Jones*, 529 U.S. 244, 247 (2000) (upholding change in frequency of parole hearings from every three years to up to every eight years for inmates serving life sentences); *Cal. Dept. of Corrs. v. Morales*, 514 U.S. 499, 501–02, 507 (1995) (holding that decrease in frequency of parole hearings for inmates convicted of murder from every year to up to every three years did not violate Ex Post Facto Clause).

In short, no authority supports Field's assertion that "Marsy's Law" violates the Ex Post Facto Clause. Accordingly, the state courts's rejection of his ex post facto challenge was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. Habeas relief, therefore, is not warranted.

**CONCLUSION AND RECOMMENDATION**

Based on the above stated reasons, the undersigned recommends that the assigned district judge: (1) approve and adopt this Report and Recommendation and (2) direct that judgment be entered **DENYING** Field's petition for writ of habeas corpus.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636 (b)(1).

**IT IS ORDERED** that no later than seventeen days after receiving a copy this Report & Recommendation, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within 10 days of being served with the objections.

DATED: March 20, 2012

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court