**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN JOSEPH FIELD,<br><br>　　　　　　Petitioner,<br>　vs.<br>MATTHEW CATE, Secretary, CDCR;<br>ATTORNEY GENERAL OF THE<br>STATE OF CALIFORNIA,<br><br>　　　　　　Respondents. | CASE NO. 11cv2147 WQH (BGS)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 9) of the Honorable Magistrate Judge Bernard G. Skomal, filed on March 30, 2012.

**I.　Background**

On September 15, 2011, Petitioner filed his Petition for Writ of Habeas Corpus challenging (1) the 2009 decision of the Board of Parole Hearings finding Petitioner unsuitable for parole and (2) challenging "Marsy's law" permitting the Board of Parole Hearing' to defer reconsideration of Petitioner's suitability for parol as violating the ex post facto clause. (ECF No. 1).

On January 12, 2012, Respondent filed an Answer contending that (1) Petitioner's challenges to the sufficiency of the evidence supporting the Board of Parole Hearings' decision are foreclosed by the United States Supreme Court's decision in *Swarthout v. Cooke*, __ U.S. __, 131 S.Ct. 859 (Jan. 24, 2011) and (2) the Court of Appeals for the Ninth Circuit concluded

that Marsy's law is not an ex post facto law in *Gilman v. Schwarzenegger*, 638 F.3d 1101 (9th Cir. 2011). (ECF No. 4). On March 12, 2012, Petitioner filed a Traverse. (ECF No. 8).

On March 20, 2012, the Magistrate Judge issued a Report and Recommendation (ECF No. 9) recommending that the Petition be denied. The Magistrate Judge stated: "To the extent [Petitioner] claims that the decision to deny parole was not based on 'some evidence' or otherwise failed to satisfy substantive due process, the claim is foreclosed as a matter of law because there is no clearly established federal constitutional substantive due process right in parole." (ECF No. 9 at 4) (citing *Swarthout*, 131 S.Ct. at 862). The Magistrate Judge stated: "[T]he only right at issue in the parole context is procedural, and the only proper inquiry is whether the inmate received process in accordance with [*Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1 (1979)]." *Id*. The Magistrate Judge concluded: "[B]ecause [Petitioner] has not demonstrated—and the record does not show—that his rights under *Greenholtz* were denied, [Petitioner's] parole claims are not cognizable in this habeas proceeding." *Id*. at 5. The Magistrate Judge stated: "[I]n [*Gilman*, 638 F.3d 1101, the Court of Appeals for th Ninth Circuit] concluded that 'Marsy's Law' is not a prohibited ex post facto law ... because the new law provides a mechanism for inmates to request an advance hearing, there was no significant risk that inmate's incarceration would be prolonged." *Id*. at 6. The Magistrate Judge concluded: "[T]he state courts's rejection of his ex post facto challenge was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court." *Id*.

The Magistrate Judge concluded:

> IT IS ORDERED that no later than seventeen days after receiving a copy this Report & Recommendation, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."
>
> IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties within 10 days of being served with the objections.

*Id*. at 7.

To date, neither party has filed objections to the Report and Recommendation.

## II. Discussion

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the Report and Recommendation de novo. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Neither party objected to the Magistrate Judge's Report and Recommendation in this case. This Court has reviewed the record and the Report and Recommendation in their entirety. The Court finds that the Magistrate Judge correctly recommended that the Petition be denied pursuant to *Swarthout v. Cooke*, __ U.S. __, 131 S.Ct. 859 (Jan. 24, 2011) and *Gilman v. Schwarzenegger*, 638 F.3d 1101 (9th Cir. 2011).

## III. Certificate of Appealability

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that jurists of reason could not find it debatable whether this Court was correct in denying the Petition. The Court denies a certificate of appealability.


**IV.     Conclusion**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 9) is adopted in its entirety.  The Petition for Writ of Habeas Corpus is DENIED.  The certificate of appealability is DENIED.

DATED: May 24, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge